**John David THORPE,**
**Petitioner–Appellant,**

v.

**U.S. PAROLE COMMISSION,**
**Respondent–Appellee.**

**No. 89–4717**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 23, 1990.

Elizabeth Rogers, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for petitioner-appellant.

Office of the General Counsel, U.S. Parole Com'n, Richard K. Preston, Michael Stover, General Counsel, Chevy Chase, Md., for respondent-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

John Thorpe was arrested and sentenced in Mexico for narcotics violations. Pursuant to a prisoner exchange treaty, he was transferred to the United States and incarcerated at the Federal Correctional Institution at La Tuna, Texas. Thorpe appeals the United States Parole Commission's determination of a release date from his Mexican sentence. Finding no reversible error, we affirm.

I. BACKGROUND

Thorpe was arrested on November 24, 1987, in Mexico while en route to the United States. Thorpe was convicted of transportation and exportation of thirty-six kilograms of cocaine. He received a seven year sentence and a fine of 19,000 pesos.

He was transferred to the United States pursuant to the provisions of 18 U.S.C. § 306. A Postsentence Investigation Report was prepared which reflected an offense level of 34 and a criminal history category of I, resulting in an imprisonment range of 151–188 months pursuant to the Sentencing Guidelines.

A hearing was held before hearing examiners of the United States Parole Commission (hereinafter Commission). The examiners recommended that Thorpe be released after service of the full seven year sentence imposed by the Mexican court. The examiners further calculated that, considering good time, Thorpe would be released after approximately seventy-one months. The examiners recommended that Thorpe further serve a twelve month period of supervised release. The Commission adopted the recommendations of the hearing examiners, and Thorpe timely appealed to this Court.

## II. DISCUSSION

Thorpe asserts three challenges to the action taken by the Commission. First, he contends that the Commission erred in imposing a sentence resulting in the combined periods of imprisonment and supervised release exceeding the term of imprisonment imposed by the Mexican court. Second, he argues that the Commission erred in formulating Thorpe's sentence by considering anticipated good time credits. Finally, Thorpe argues that the Commission erred by not considering Thorpe's medical condition or the abuse he suffered at the hand of Mexican officials.[1]

■ Thorpe's essential argument is that the Commission imposed a sentence in violation of law. Thorpe's argument misconstrues both the action of the Commission and the function of that body. Under 18 U.S.C. § 4106A, the Commission is obligated to set a release date and period of supervised release, not to impose a sentence. The offender's obligation to the

Government has already been established by the sentence imposed by the foreign court. The Commission is required, under subsection (b)(1)(A), to consider the offender as though he was "convicted in a United States district court of a similar offense."

■ In the instant case, if Thorpe had been convicted in a United States court, he would be subject to an imprisonment range under the Guidelines of 151 to 188 months. The foreign court, however, imposed only a seven year (eighty-four month) prison sentence. Consequently, section 5G1.1 a of the Guidelines applies. This section indicates that where the application of the Guidelines results in a sentence above the maximum authorized by statute, the statutory maximum applies.

The Commission correctly applied this section under the analogous circumstances of the instant case by interpreting the "statutory maximum" as the expiration of the sentence less good time credits. The Commission did not err in the determination of Thorpe's release date.

Thorpe also challenges the twelve month term of supervised release imposed by the Commission. Petitioner's release date at the end of his sentence less the calculated good time would be after seventy-one months; the total time, including the term of supervised release, is eighty-three months. This is one month less than the eighty-four month (seven year) term of incarceration imposed by the foreign government. Thorpe's argument that the Commission has ordered a release date in excess of the sentence imposed is therefore without merit.

Finally, Thorpe argues that the Commission failed to take into account his health and the abuse he suffered at the hands of the foreign officials. The record indicates that these factors were considered by the Commission. Furthermore, Thorpe does not point to any law violated by the Commission in its decision not to select an earlier date. Consequently, this Court will not

---

1. This Court has jurisdiction of the Commission's order pursuant to 18 U.S.C. § 4106A(b)(2) which provides for a direct appeal to the United States court of appeals for the circuit in which the prisoner is incarcerated at the time of the Commission's determination. Section 4106A(b)(2)(B) states that the court of appeals

shall decide and dispose of the appeal "as though the determination appealed had been a sentence imposed by a United States district court." Insofar as Thorpe's claims assert that his sentence was imposed in violation of law, this Court reviews the claims de novo.

disturb the Commission's decision. *See United States v. Buenrostro,* 868 F.2d 135 (5th Cir.1989).

## III.  CONCLUSION

The Commission did not determine a release date and impose a term of supervised release in violation of law.  Consequently, the Commission's determination is affirmed.

AFFIRMED.