**Chris HANSEN, Petitioner–Appellant,**

v.

**U.S. PAROLE COMMISSION, Respondent–Appellee.**

No. 89–4729.

United States Court of Appeals, Fifth Circuit.

June 29, 1990.

Rehearing Denied Aug. 17, 1990.

Donald V. Morano, Chicago, Ill., (court-appointed), for petitioner-appellant.

Chris Hansen, N.M./Tex., pro se.

Richard Preston, Office of General Counsel, U.S. Parole Com'n, Chevy Chase, Md., for respondent-appellee.

Before RUBIN, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Chris Hansen, appellant, seeks review of the United States Parole Commission's determination of a release date for a Mexican conviction, for which he is now imprisoned in the United States pursuant to a prisoner transfer treaty between our two countries. Hansen complains that 18 U.S.C. § 4106A, which governs the transfer of foreign offenders, was incorrectly interpreted and applied by the Parole Commission and improperly vests sentencing authority in the Parole Commission. We affirm the determination of the Parole Commission.

## I.

### FACTS

On September 7, 1988, Hansen and a companion were traveling in Mexico when their vehicle was stopped at a road block in Guaymas, Sonora, Mexico. While inspecting the vehicle, the Mexican police discovered a metal cylinder that contained marijuana underneath the vehicle. The marijuana and container apparently had a combined weight of approximately sixteen (16) kilograms. *Tr. at 4.* A post sentence investigation report indicates that Hansen had met with an individual nicknamed "El Gordo" and had been asked to transport the marijuana to Tuscon, Arizona for $1,400. Hansen disputes these facts, contending instead that he purchased three kilograms of marijuana from a hitchhiker and the marijuana was intended for personal consumption. *Tr. at 5.* Hansen's arrest occurred within a few weeks of his parole from a 20–year sentence imposed by the state of Washington for an unrelated drug offense. *Post sentence report at 7–8.*

On November 30, 1988, Hansen was found guilty of possession of marijuana under Mexican law and sentenced to seven years imprisonment and a fine of 10,000 pesos. Pursuant to the Treaty on the Execution of Penal Sentences, November 25, 1976, United States–Mexico, 28 UST 7401, T.I.A.S. No. 8718, Hansen was transferred to the United States on April 12, 1989 to serve the foreign sentence.

After Hansen was transferred and before the Parole Commission determined a release date, Hansen was interviewed by an officer of the United States Probation Office, who prepared a post-sentence investigation report. Subsequently, Hansen presented written objections to the post-sentence report, which were addressed at a hearing before a panel of Parole Commission hearing examiners on August 23, 1989. The Parole Commission determined a release date of September 7, 1993, after sixty months service, and also required Hansen to serve twenty-four (24) months of supervised release.

## II.

### DETERMINING THE RELEASE DATE

The Parole Commission has authority to determine the release date for prisoners convicted under the laws of a foreign country and transferred to the United States pursuant to treaty to serve the sentence for the foreign conviction. *See* 18 U.S.C. § 4106A (1988). Section 4106A, enacted in the Anti–Drug Abuse Act of 1988, applies to prisoner-transferees who committed offenses on or after November 1, 1987. *See id.* § 4106A(c); Pub.L. No. 100–690, Title VII, § 7101(a), November 18, 1988, 102 Stat. 4415. Subsection (b)(1)(A) directs the Parole Commission to "determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A).

The Parole Commission should determine a release date by applying the United States Sentencing Guidelines as if the offender were convicted in a United States district court of the statutory offense most similar to the foreign conviction. *Cf.* 18 U.S.C. §§ 4106A(b)(1)(A), (B); *see also* 28 C.F.R. § 2.62(g) (discussing decision-making criteria for Parole Commission). The Parole Commission shall consider the post-sentence report and guideline recommendation prepared by the United States Probation Service and any relevant documents

provided by the transferring country. *See* 18 U.S.C. § 4106A(b)(1)(B). Section 4106A(b)(2)(A) allows the transferred offender to appeal the Parole Commission's determination to the federal court of appeals for the circuit in which the offender is imprisoned.

■ We review the Parole Commission's determination in this case "in accordance with section 3742 of [title 18] as though the determination appealed had been a sentence imposed by a United States district court." 18 U.S.C. § 4106A(b)(2)(B). In reviewing the determination made by the Parole Commission, we consider whether the release date "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2) (1988). We review the Parole Commission's construction of section 4106A and the Sentencing Guidelines de novo. *See Thorpe v. United States Parole Commission*, 902 F.2d 291, 292 n. 1 (5th Cir.1990). Section 3742(e) requires that we "give due deference to the ... [Parole Commissions] application of the guidelines to the facts." 18 U.S.C. § 3742(e).

Hansen's principal complaint is that, by applying the Career Offender provision in the sentencing guidelines, the Parole Commission incorrectly determined his release date. The Parole Commission found that Hansen was a Career Offender and established the offense level according to that provision, rather than establishing the base offense level from the amount of drugs involved.

■ Hansen makes two separate arguments in support of his claim. Hansen urges that the Parole Commission improperly considered his prior convictions in violation of 21 U.S.C. §§ 851(a) and (c), which require that a prosecutor provide notice of prior convictions upon which the government relies in seeking increased punishment. According to the language of the statute, section 851(a)(1) applies to persons "convicted of an offense under this part [title 21]". *See id.* § 851(a)(1). The special-notice provision applies only to enhancement under the recidivist provision of that statute, not to the factors to be considered in determining a release date under the Guidelines. *See United States v. Wallace*, 895 F.2d 487, 489–90 (8th Cir.1990); *contra United States v. Williams*, 899 F.2d 1526 (6th Cir.1990); *United States v. Carvajal–Minota*, 706 F.Supp. 726 (N.D. Cal.1989). Thus, section 851 does not restrict the Parole Commission's consideration of Hansen's prior convictions in determining his release date under the sentencing guidelines.

Hansen also argues that his offense level should be computed under § 2D2.1, the guideline section for unlawful possession, and that the offense most similar to his Mexican conviction is simple possession of marijuana. The Parole Commission, in determining Hansen's release date under the sentencing guidelines, took the position that Hansen's foreign conviction was most similar to possession with intent to distribute marijuana, 21 U.S.C. § 841(b)(1)(D).

■ Before answering the broad question whether the Commission was correct in applying the Career Offender provisions, we must first decide if the most similar offense to Hansen's Mexican conviction is possession with intent to distribute marijuana. 18 U.S.C. § 4106A(b)(1)(A). We reject Hansen's claim that he was convicted of simple possession of marijuana. Hansen was indicted and convicted under Mexican law for violating Article 197, part I, in connection with 193, part 1, both from the Federal Penal Code, (and) 234 to 238 from the General Health Code.[1] A translation of excerpts from the Mexican Penal Code indicates that possession of marijuana "for personal consumption ... by reason of habit or need" is addressed by and punished under Article 194. That article specifies that if the amount of drugs involved exceeds the amount required to satisfy the needs of the addict or habitual user during a maximum period of three days, "the appropriate penalties under the [other] provisions of this chapter shall be applied." Article 197, on the other hand, addresses and punishes, *inter alia*, possession with intent

---

1. Translation of Mexican Sentencing Documents by certified court interpreter.

to engage in additional criminal activity such as manufacturing, transferring, or trafficking.[2] Accordingly, Hansen's Mexican conviction under Article 197 involved more than simple possession as defined by U.S. law and is most similar to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

We now consider whether the Parole Commission properly applied the sentencing guidelines in setting Hansen's release date. The guideline range for sentencing derives from the total offense level and the criminal history category. *See* U.S.S.G. § 1B1.1(g). The first step in applying the guidelines is to determine the base offense level, which is established by the statute of conviction. This base offense level is adjusted according to factors related to the criminal offense. *E.g.* U.S.S.G. chapter 2 (specific offense adjustments); chapter 3 (victim, role, obstruction of justice).

If the defendant is a Career Offender as defined in § 4B1.1 and if the applicable offense level for a career criminal is greater than the offense level otherwise applicable, the offense level from the Career Offender provision shall apply.

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A Career Offend-

er's criminal history category in every case shall be Category VI.

U.S.S.G. § 4B1.1. Section 4B1.2(2) defines "controlled substance offense" as an "offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959; and similar offenses". *See* U.S.S.G. § 4B1.2(2) application note 2 (controlled substance offenses includes "manufacturing, importing, distributing, dispensing, or possessing with intent to manufacture, import, distribute, or dispense, a controlled substance"). Simple possession, as defined by 18 U.S.C. § 844, is not included in the list of crimes that constitute a controlled substance offense under the Career Offender provision.

The panel examiners found § 4B1.1 satisfied and set Hansen's offense level at 17. The Parole Commission apparently adopted the recommendation of the panel examiners and found that the Career Offender provisions apply, that Hansen's total offense level was seventeen, and that his criminal history category was VI. The record adequately supports the Parole Commission's application of the Career Offender provisions to set Hansen's release date.[3] The Commission applied the statutory maximum punishment under 21 U.S.C. § 841(b)(1)(D) in determining the offense level for the Career Offender provision,[4] and its finding that the appropriate guideline range is 51–63 months is correct.

Applying section 4106A properly, the Parole Commission set Hansen's release date at September 7, 1993 after sixty (60) months service and further required a period of supervised release[5] of 24 months following discharge from incarceration. The period of supervised release and incarceration together do not exceed the seven-year term of imprisonment imposed by the Mexican court. *See* 18 U.S.C.

---

**2.** When the mere possession of cannabis or marijuana, with respect to both the quantity thereof and other circumstances surrounding the commission of the act, cannot be considered intended for the commission of any of the crimes referred to in Articles 197 and 198 of this Code, such possession shall be punished by imprisonment of two to eight years and a fine of 5,000 to 25,000 pesos.
Article 194, Mexican Penal Code (Translation).

**3.** Hansen does not challenge the accuracy of the postsentence investigation report's listing of several prior felony drug convictions.

**4.** The offense level for a Career Offender depends on the offense statutory maximum. U.S.S.G. § 4B1.1.

**5.** *See* U.S.S.G. § 5D3.1(a).

§ 4106A(b)(1)(C).[6]

### III.

### PAROLE COMMISSION AUTHORITY

 Hansen also levels constitutional and procedural attacks upon the authority of the Parole Commission to determine his release date. First, Hansen urges that Congress's direction that the Parole Commission "determine a release date ... as though the offender were convicted in a United States district court" contravenes separation of powers principles by giving Parole Commissioners the authority of an article III judge.

There is no merit in this constitutional challenge.[7] The Parole Commission has long-established authority to set release dates for prisoners convicted in United States courts. *E.g. Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1210, 1211 (3rd Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 133 (1984).[8] The Commission's function in setting a release date for Hansen did not change because the convicting court was foreign. Section 4106A simply implements the treaty which allows "persons convicted in foreign countries to serve their incarcerations in the country of which they are citizens". *Pfeifer v. United States Bureau of Prisons,* 615 F.2d 873, 876 (9th Cir.), *cert. denied,* 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980).

 Second, Hansen complains that § 4106A required the Commission itself, rather than a panel of examiners, to conduct his hearing. Parole Commission regulations implementing § 4106A provide otherwise, permitting the initial special trans-

feree hearing before hearing examiners, with the final release determination to be made by the Commission. 54 Fed.Reg. 11,-689 (March 21, 1989); 54 Fed.Reg. 27,839 (June 30, 1989). This allocation of responsibility contravenes neither any statute nor the Constitution. Hansen's other procedural complaints are unjustified because his case was handled strictly according to Commission procedures.

We AFFIRM the determination of the Parole Commission.

---

6. We reject Hansen's contentions that his offense level should have been reduced for acceptance of responsibility and because of the severe beating he allegedly received by Mexican officials. The Parole Commission considered and rejected these arguments, and the record reflects no error in their doing so. *See Thorpe,* 902 F.2d at 292.

7. *Cf. Thorpe,* 902 F.2d at 292. (Parole Commission's function is to set release date for sentence imposed by foreign court) (applying § 4106A).

8. "The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress with certain limitations, to the discretion of the Parole Commission. Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate, and in doing so, to moderate the disparities in the sentencing practices of individual judges." *United States v. Addonizio,* 442 U.S. 178, 188–89, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (footnotes omitted).