United States Court of Appeals,

Fifth Circuit.

No. 91–4340

Summary Calendar.

Karl L. CANNON, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, UNITED STATES PAROLE COMMISSION, Respondent.

May 19, 1992.

Appeal from the Determination of the United States Parole Commission.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Karl L. Cannon appeals the determination by the United States Parole Commission of his release date for a Mexican-imposed sentence of incarceration. We vacate and remand for a recomputation of that release date consistent with this opinion.

Background

Cannon was arrested in June 1988 in Miguel Aleman, Mexico while driving a mobile home in which Mexican authorities found 386 kilograms of marihuana hidden in a false ceiling. Convicted by a Mexican court he was fined and began to serve a sentence of 90 months imprisonment. In August 1990 he was transferred to United States authorities pursuant to the Treaty on the Execution of Penal Sentences, November 26, 1976, United States—Mexico 28 UST 7399; T.I.A.S. No. 8718. In October a postsentence report was completed for United States authorities.

On February 27, 1991 a parole commission hearing was convened to set Cannon's release date pursuant to 18 U.S.C. § 4106A(b)(1)(A). Cannon waived counsel and admitted his offense. The hearing examiners reviewed the record, presumptively including the Mexican report entitled "Seccion De Vigilancia" which noted that by working 765 days Cannon had earned good time credit of 383

days. The examiners recommended that Cannon be released after serving 63 months and that he receive a supervised release period of 27 months, for a total of the 90 months he had received from the Mexican authorities. The Regional Parole Commission adopted the recommendation of the hearing examiners. After delays and false starts we reinstated Cannon's appeal.

Analysis

Under 18 U.S.C. § 4106A the Parole Commission is to determine the release date for a foreign-sentenced prisoner. That statute provides in pertinent part:

> (b)(1)(A) The United States Parole Commission shall, without unnecessary delay, determine a release date and a perio d and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense.
>
> (B) In making such determination, the United States Parole Commission shall consider—
>
>> (i) any recommendation of the United States Probation Service, including any recommendation as to the applicable guideline range; and
>>
>> (ii) any documents provided by the transferring country;
>
> relating to that offender.

Section 4106A(b)(1)(A). *See Hansen v. United States Parole Com'n,* 904 F.2d 306 (5th Cir.1990), *cert. denied,* ––– U.S. ––––, 111 S.Ct. 765, 112 L.Ed.2d 784 (1991). In setting the release date the Parole Commission is to follow the guidelines set forth in 18 U.S.C. § 4105, including those contained in section 4105(c)(1):

> The transferred offender *shall* be entitled to all credits for good time, for labor, or any other credit toward service of the sentence which had been given by the transferring country for time served as of the time of transfer. Subsequent to the transfer, the offender shall in addition be entitled to credits toward service of sentence for satisfactory behavior, computed on the basis of the time remaining to be served at the time of the transfer and at the rate provided in section 3624(b) of this title for a sentence of the length of the total sentence imposed and certified by the foreign authorities. *These credits shall be combined to provide a release date* for the offender pursuant to section 3624(a) of the title. [Emphasis added.]

It is apparent from the foregoing that good time credit must be a part of the formula when the release date is determined. In *Thorpe v. U.S. Parole Com'n,* 902 F.2d 291 (5th Cir.), *cert.*

*denied,* —— U.S. ——, 111 S.Ct. 185, 112 L.Ed.2d 148 (1990), the Parole Commission considered good time credits in setting the release date for transferred prisoners. Based on the foregoing, we reject the government's suggestion that the issue of good time credits is solely within the domain of the Bureau of Prisons. We likewise reject the contention that we are without jurisdiction herein for 18 U.S.C. § 4106A(b)(2)(A) pertinently provides:

> A determination by the United States Parole Commission under this subsection may be appealed to the United States court of appeals for the circuit in which the offender is imprisoned at the time of the determination of such Commission.

The Parole Commission failed to take into account the document issued by the government of Mexico respecting the good time credits Cannon had earned prior to his transfer. It must do so. In applying the Sentencing Guidelines as if Cannon were convicted of a similar offense in the United States, the Commission computed an offense level of 24 and a criminal history category of I, resulting in a guideline range of 51–63 months imprisonment. This computation triggered U.S.S.G. § 5G1.1(b), which provides:

> If application of the guidelines results in a sentence below the sentence required by statute [or, imposed by the foreign court], the statutory minimum [or foreign sentence] shall be the guideline sentence.

The Parole Commission is obliged to use the 90–month sentence as the guideline sentence and to then give credit for time served and good time credits earned on that sentence. It did not do so.

The decision of the Parole Commission is VACATED and the matter is REMANDED for recomputation of the release date giving due credit for all offsets, specifically including all good time credits as reported by the Mexican authorities.