United States Court of Appeals,

Fifth Circuit.

No. 91–4848.

Summary Calendar.

Arnoldo MOLANO–GARZA, Petitioner,

v.

U.S. PAROLE COMMISSION, Respondent.

July 9, 1992.

Appeal from the United States Parole Commission.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. Grady Jolly, Circuit Judge:

Arnoldo Molano–Garza was arrested, convicted, and sentenced to nine years imprisonment in Mexico for participating in a drug smuggling operation. He was transferred to the United States and the Parole Commission determined that Molano–Garza would serve 91 months in prison and 8 months of supervised release.

Molano–Garza appeals the Commission's determination. Molano–Garza contends that the Commission failed to consider his argument that he was a minor participant, warranting a decrease in the offense level under the sentencing guidelines. Molano–Garza further argues that the Commission improperly departed downward from a three-year mandatory minimum period of supervised release in order to accommodate a longer term of imprisonment.

We hold that the Commission did not clearly err in finding that Molano–Garza was not a minor participant. We further hold that the Commission did not improperly depart downward from the statutory mandatory minimum period of supervised release. We therefore affirm the Commission's determination.

I

Arnoldo Molano–Garza, an American citizen, was arrested and convicted in Mexico for possession, transportation, and exportation of marijuana. He was sentenced to nine years imprisonment. Pursuant to a treaty between the United States and Mexico, he consented to transfer to serve his term of imprisonment in this country.[1]

The treaty obliges each nation to adopt legislative measures and establish procedures which will give legal effect to the foreign sentence.[2] Only the sentencing court has jurisdiction to modify or set aside the sentence.[3] The receiving court, however, is authorized to determine when the offender can be paroled or released and to impose periods of supervised or conditional release.[4] When a prisoner is transferred, Section 4106A(b)(1)(A) directs the Parole Commission to determine a release date and a period and conditions of supervised release as though the offender were convicted of a similar offense in a United States district court. The combined periods of imprisonment and supervised release that result from the Commission's determination may not exceed the sentence imposed by the foreign court.[5]

The probation officer who prepared Molano–Garza's postsentence report, in order to recommend a release date, determined that the guideline range for a defendant convicted of possession of marijuana with intent to distribute with Molano–Garza's offense level and criminal history is 97 to 121 months. Molano–Garza objected to the characterization of his offense in the postsentence report and requested a downward departure from the recommended guideline range

---

[1]Treaty on Executions of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399, T.I.A.S. No. 8718.

[2]Executions of Penal Sentences, supra note 1, art. IV(9), 28 U.S.T. at 7405.

[3]*Id.,* art. VI, 28 U.S.T. at 7406.

[4]*Id.,* art. V(2), 28 U.S.T. at 7405.

[5]18 U.S.C. 4106A(b)(1)(C).

because of the torture he allegedly received in Mexico and because of his motive for being in Mexico when he was arrested—he contends that he was there in order to provide information to the DEA and the U.S. Border Patrol. Molano–Garza also raised these objections at the hearing before the Parole Commission. At the close of the hearing, the examiners recommended that Molano–Garza be released after serving a 91–month term of imprisonment. Following his release, the examiners recommended that Molano–Garza serve an 8–month term of supervised release.[6] After this recommendation was made, Molano–Garza submitted additional objections to the recommendation. He argued that the offense level should be based on 220 pounds of marijuana, instead of 720 kilograms, and that he be considered a minor participant. In an addendum to the hearing summary, the panel found that the offense level was correctly based on 720 kilograms of marijuana and that Molano–Garza did not have a minimal role warranting a downward departure. The Parole Commissioner ordered that Molano–Garza serve a 91–month term of imprisonment followed by an 8–month term of supervised release.

Molano–Garza appeals the Parole Commissioner's release determination.

II

On January 12, 1989, Molano–Garza was arrested by the Federal Judicial Police in Reynosa, Mexico, where he and Trevino Cazarez were at a hotel waiting for dark so they could proceed to Eliseo Lopez's ranch, load marijuana into their car, and transport it to the Mexican border where others would be waiting to smuggle the marijuana into the United States. Molano–Garza and Trevino admitted that they had transported 110 pounds of marijuana two days earlier. Molano–Garza then directed the Mexican officials to Lopez's ranch and showed them secret compartments and a false ceiling where they discovered 720 kilograms of marijuana.

---

[6]The examiners apparently recommended a six-month downward departure because Molano–Garza had been tortured.

## III

On appeal, Molano–Garza argues that the Parole Commission erred in refusing to consider his request for a downward departure because of his minor role in the drug transactions. He argues that he was basically just a courier hired by the leader, Arnoldo Barrientos, and that he had only been a part of the smuggling organization for a week. Molano–Garza further argues that the Parole Commission improperly departed below the mandatory minimum term of supervised release.

## IV

Molano–Garza was transferred to the United States pursuant to a treaty with Mexico. 18 U.S.C. Section 4106A(b)(1)(A) provides:

> The United States Parole Commissioner shall, without unnecessary delay, determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense.

This court reviews the Commission's release determination as though it had "been a sentence imposed by the United States district court." *Hansen v. U.S. Parole Comm'n,* 904 F.2d 306, 309 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 765, 112 L.Ed.2d 784 (1991). Thus, we review the Parole Board's construction of § 4106A and the Sentencing Guidelines *de novo. Id.* When reviewing the Commission's factual findings, this court applies the clearly erroneous standard. *U.S. v. Lara–Velasquez,* 919 F.2d 946, 953 (5th Cir.1990).

## V

Molano–Garza argues that the Commission erred in not awarding him a two level downward departure because of his minor role in the offense. Section 3B1.2 of the Sentencing Guidelines allows a four level decrease in the defendant's offense level if the defendant was a minimal participant, and a two level decrease in the offense level if the defendant was a minor participant. The application notes define a minimal participant as one "who plays a minimal role in concerted activity," and one "who is plainly among the *least* culpable of those involved in the conduct of a group." A defendant's

lack of knowledge of the scope or structure of the enterprise are indicative of his role as a minimal participant. The application notes define a minor participant as a "participant who is less culpable than most other participants, but whose role could not be described as minimal."

Molano–Garza argues that because he had only worked for the operation for one week and had only made one drug run prior to his arrest, he should be considered a minor participant and receive a two level decrease in his offense level. The Commission disagreed that Molano–Garza

> had a minimal role, and [that] therefore a departure is warranted. [Molano–Garza] had knowledge of the smuggling operation, and was aware of his role in the operation to transport the marijuana into the U.S. Furthermore, the sentence in Mexican court made a finding that [Molano–Garza] is a "serious offender, placing him in the middle category."

Molano–Garza argues that the Commission addressed whether he was entitled to a minimal participant reduction, not a minor participant reduction. Thus, he argues that this case should be remanded so the Commission can determine if he was a minor participant.

The Commission did, however, make an implicit factual finding that Molano–Garza did not have a minor role. It adopted a finding by the Mexican court that Molano–Garza was a serious offender, placing him in the middle category. Clearly, the Commission found that Molano–Garza was not less culpable than *most* other participants, and was not, therefore, entitled to a minor participant reduction.

A defendant is not a minor participant unless he is substantially less culpable than most other participants. *U.S. v. Rossy,* 953 F.2d 321, 326 (7th Cir.1992), *cert. denied,* ––– U.S. ––––, 112 S.Ct. 1240, 117 L.Ed.2d 473. The Commission found that Molano–Garza was aware of the scope and structure of the operation. Molano–Garza knew where the marijuana was located, he had previously delivered 110 pounds of marijuana to the border and he had been classified by the Mexican court as a serious offender. Also, Molano–Garza was convicted of more serious charges than other participants and received a longer sentence than other participants. The fact that some participants

may be more culpable than Molano–Garza does not entitle Molano–Garza to classification as a minor participant. Therefore, we cannot say that the Commission's implicit factual finding that Molano–Garza was not a minor participant is clearly erroneous.

Molano–Garza also argues that the Commission did not state specifically the factual basis for its finding that Molano–Garza was not a minor participant. In *United States v. Melton,* 930 F.2d 1096, 1099 (5th Cir.1991), this court held that it was error for the district court to deny the defendant a minor participant reduction without stating the factual basis for its conclusion. This court stated that the "determination of participant status is a complex fact question, which requires the court to consider the broad context of the defendant's crime." *Id.* In *Melton,* the district court simply concluded that the defendant was an average participant. Defendant's counsel requested the court to articulate the factual basis for its finding, but the district court refused. In the instant case, the Commission summarized the transactions involving Molano–Garza and then concluded that he was aware of the scope of the operation and his role in it. The Commission further relied on the Mexican court's classification of Molano–Garza as a serious offender. We hold that the Commission sufficiently articulated the factual basis upon which it concluded that Molano–Garza was not a minor participant.

VI

Molano–Garza also argues that the Commissioner improperly departed from the statutory minimum three-year term of supervised release. Molano–Garza contends that the criminal statute obligated the Commission to impose a minimum three-year period of supervised release, making a six-year period of imprisonment the maximum he could receive since the combined periods cannot exceed nine years. Section 4106A(b)(1) directs the Parole Commissioner to determine a release date and a period of supervised release as though the offender were convicted in a United States district court of a similar offense. The statute does not permit the Commission to resentence the offender. In the postsentence report, the officer concluded that the most analogous offense to the Mexican

offense for which Molano–Garza was convicted is possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(C).[7] The guideline range for a sentence for an offender with Molano's criminal history and offense level is 97 to 121 months. The Commission determined that Molano–Garza should be released after serving a 91–month term of imprisonment and an 8–month period of supervised relief.[8]

Section 5G1.1(c)(2) of the sentencing guidelines provides that the "sentence may be imposed within the applicable guideline range, provided that the sentence is not less than any statutorily required minimum sentence." Section 841(b)(1)(C) provides that a defendant convicted of that offense must be sentenced to a minimum of three years supervised release. Section 4106A(b)(1)(C) provides that the combined periods of imprisonment and supervised release that result from the Commission's determination shall not exceed the term of imprisonment imposed by the foreign court.

Molano–Garza argues that the Commission wrongly departed downward from the statutory minimum period of supervised release. He argues that he should serve a term of supervised release of at least three years and a term of imprisonment no more than six years since the combined terms cannot exceed nine years.

Molano–Garza's argument misconstrues the Commission's function. The Commission is authorized to determine a release date, not to sentence the transferred prisoner. *Thorpe v. U.S. Parole Comm'n,* 902 F.2d 291, 292 (5th Cir.1990). Since the Commission is only determining a release date and not sentencing the offender, we hold that the Commission does not have to impose

---

[7]The Commission now argues that the most analogous offense is 21 U.S.C. § 841(b)(1)(B) for which there is a mandatory minimum ten year term of imprisonment. Because the Commission raises this issue for the first time on appeal and because the Commission made the finding below that § 841(b)(1)(C) was the most analogous offense, we will not address whether § 841(b)(1)(B) is more analogous than § 841(b)(1)(C); we will simply assume that § 841(b)(1)(C) is the most analogous.

[8]The Commission departed downward by six months from the minimum because of the torture Molano–Garza allegedly incurred.

the three-year statutory minimum period of supervised release found in 21 U.S.C. Section 841(b)(1)(C). Molano–Garza's 91–month term of imprisonment and 8–month term of supervised release do not exceed the sentence imposed by the foreign court. Therefore, we affirm the Parole Commission's determination.

## VII

The Commission was not clearly erroneous in concluding that Molano–Garza was not a minor participant. The Commission did not err in failing to impose the three-year mandatory minimum term of supervised release found in the criminal statute. Therefore, the Commission's release determination is

AFFIRMED.