IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 93-4441
93-4910
93-4919
93-4932
93-4982
93-5032
_____

ALFONSO PAURA,
EFREN RENTERIA,
ARMANDO ALBERTO SALAS,
ORALIA SUAREZ,
RICARDO ESPINOZA, and
ALGERDON OLICHAUSKAS,

                                        Petitioners,

                        versus

UNITED STATES PAROLE COMMISSION,

                                        Respondent.
_____

Appeals from Determinations of the
United States Parole Commission
_____

(      March 30, 1994     )

Before HIGGINBOTHAM and WIENER, Circuit Judges, and KAUFMAN,[*] District Judge.

HIGGINBOTHAM, Circuit Judge:

American citizens arrested in Mexico and sentenced for transporting marijuana bring this appeal. Petitioners were sentenced in Mexico and transferred to the United States to serve the remainder of their sentences pursuant to the Prisoner Transfer Treaty between the United States and Mexico. Prisoner Transfer, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7299. After the transfers, the

_____

[*]District Judge of the District of Maryland, sitting by designation.

United States Parole Commission determined a release date and a period of supervised release for each petitioner based on sentences American law would impose for analogous crimes. 18 U.S.C. § 4106A(b)(1)(A). For each petitioner, the combined period of imprisonment and supervised release was less than the length of the prison term imposed by Mexico.

The Parole Commission redetermined petitioners' release dates and supervised release periods in accordance with this court's decision in Cannon v. United States Dep't of Justice, 973 F.2d 1190 (5th Cir. 1992) [Cannon II], denying reh'g to 961 F.2d 82 (5th Cir. 1992) [Cannon I], cert. denied, 113 S. Ct. 2354 (1993). The Commission advanced the release dates of the petitioners by fifteen percent to correspond with good time credits under 18 U.S.C. § 3624(b). At the same time, the Commission extended the period of supervised release for each petitioner to comply with Cannon II's instruction that the combined period of imprisonment and supervised release determined by the Commission must equal the sentence imposed by the Mexican court. We vacate the Parole Commission's decision to lengthen the supervised release periods of the petitioners.

I.

Petitioners challenge the Commission's reliance on Cannon II in extending their supervised release periods beyond the periods prescribed for sentences imposed by United States district courts. Each seeks restoration of the period of supervised release initially established by the Commission. The Commission's

2

recalculation of the petitioners' release dates and the appropriate treatment of foreign good time credits are not subjects of this appeal.

## II.

The Parole Commission's reliance on Cannon II was unjustified. Statements about supervised release in that case are dicta. The total of the 63 months imprisonment and 27 months supervised release that Cannon received from the Parole Commission equalled the 90 month prison sentence he received in Mexico. Cannon I, 961 F.2d at 84. Cannon II referred to the situation of an American who received a foreign sentence far in excess of the American sentence for a similar offense as a "theoretical horrible" that was not before the court. 973 F.2d at 1127. The treatment of foreign good time credits was the only issue before the Cannon panel and that issue is not before this court. See Cannon I, 961 F.2d at 84.

The Commission, conceding that the language in Cannon II about supervised release is dicta, contends that it is nevertheless persuasive and this panel should follow it. We decline to do so. The dicta is not consistent with earlier decisions by this court. Prior to Cannon II, three Fifth Circuit opinions upheld combined periods of incarceration and supervised release set by the Commission which were shorter than the sentences imposed in Mexico. Thorpe v. United States Parole Comm'n, 902 F.2d 291 (5th Cir.) (per curiam) (total period one month shorter than Mexican sentence), cert. denied, 498 U.S. 868 (1990); Malin v. United States Parole Comm'n, No. 89-4761 (5th Cir. April 19, 1990), slip op. at 2 (per

curiam) (same); <u>Molano-Garza v. United States Parole Comm'n</u>, 965
F.2d 20 (5th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 1009 (1993)
(total period nine months shorter than Mexican sentence). Despite
these precedents, <u>Cannon II</u> held that the combined period of
imprisonment and supervised release must equal the foreign
sentence. 973 F.2d at 1195. This statement is not consistent with
the earlier cases. <u>Lara v. United States Parole Comm'n</u>, 990 F.2d
839, 840 (5th Cir. 1993).

<u>Cannon II</u>'s grounds for distinguishing the earlier cases are
not persuasive. <u>Cannon II</u> explained that there was no challenge in
<u>Thorpe</u> and <u>Malin</u> to the "commission's legal authority to deviate
from the total sentence imposed by the Mexican court cases." 973
F.2d at 1195. That characterization distinguishes <u>Malin</u>, in which
the appellant attacked only procedural aspects of the Commission's
determination. <u>Malin</u> slip op. at 2-3. But it does not distinguish
the challenge in <u>Thorpe</u> to the Commission's authority to impose an
American sentence longer than his Mexican sentence. <u>See</u> 965 F.2d
at 24. <u>Cannon II</u> made no reference to <u>Molano-Garza</u>.

The first of conflicting panel decisions is to be followed.
<u>Johnson v. Moral</u>, 843 F.2d 846, 847 (5th Cir. 1988) (stating that
"[n]o rule is more firmly settled in our Circuit"), <u>on reh'g en
banc</u>, 876 F.2d 477 (1989). We therefore follow the interpretation
of the treaty in pre-<u>Cannon II</u> opinions. That interpretation is
that "[t]he combined periods of imprisonment and supervised release
that result from the Commission's determination may not exceed the

4

sentence imposed by the foreign court." <u>Molano-Garza</u>, 965 F.2d at 22.  As that interpretation does not require that the periods of imprisonment and supervised release equal the length of the foreign sentence, the Commission erred in deciding that it had to readjust the petitioners' supervised release periods.

Petitioners' sentences are VACATED and REMANDED for redetermination.