IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60666
Summary Calendar
_____

ANTONIO LAZO,

Petitioner,

versus

UNITED STATES PAROLE COMMISSION,

Respondent.

- - - - - - - - - -
Appeal from a Treaty Transfer Determination
of the United States Parole Commission
(66995-080)
- - - - - - - - - -

September 9, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

Antonio Lazo, a federal prisoner transferred to the United
States under a prisoner-exchange treaty following two convictions
in Mexico, filed a timely notice of appeal to this court pursuant
to 18 U.S.C. § 4106A(b)(2)(A) from the initial release date
determination made by the United States Parole Commission (Parole
Commission).  Because the Parole Commission's initial
determination was incorrect, we granted the Parole Commission's
request for an extended remand to reopen the determination of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lazo's release date. The Parole Commission has now filed a report of its redetermination. Lazo, through the Federal Public Defender, has filed objections to the redetermination, and the Parole Commission has filed a reply to Lazo's objections. Accordingly, we may now address the merits of Lazo's direct appeal.

Lazo argues that the Parole Commission has exceeded its authority to redetermine Lazo's sentence by relying upon information that was not shown to be contained in the record of the foreign sentencing court and further that the information relied upon by the Parole Commission is, in fact, wrong in light of the official judgments contained in Lazo's record. Lazo also argues alternatively that it would be contrary to law to increase his sentence after so many years. Finally, Lazo argues that he was denied due process of law and his right to counsel at the rehearing.

This court reviews the Parole Commission's determination de novo, upholding the release date determination unless it was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. Navarrete v. United States Parole Comm'n, 34 F.3d 316, 318 (5th Cir. 1994).

Although Lazo is entitled to representation before the Parole Commission, 18 U.S.C. § 4109, he waived his right to

attorney representation at the hearing. Accordingly, he was not denied due process or his right to counsel at the hearing.

The jurisdiction of the Parole Commission to set a release date and periods and conditions of supervise release extends until the transferee is released from prison. 28 C.F.R. § 2.68(a)(2). The Commission may reopen and modify a determination based upon information which was not previously considered provided that the information was "contained in the record of the foreign sentencing court." Id. at § 2.68(k)(2).

The Parole Commission concedes that "the information was transferred through administrative agencies," but the Parole Commission nevertheless asserts that the "ultimate source of the information on the foreign sentences must be [the] court records on the criminal convictions." The language of the regulation is plain and unambiguous: the information relied upon by the Parole Commission to reopen the proceedings must have been "contained in the record of the foreign sentencing court." § 2.62(k)(2). The Commission has made no showing that the information relied upon to reopen and modify Lazo's release date was in fact "contained in the record of the foreign sentencing court."

The Parole Commission contends that Lazo's challenge to the manner in which his sentence was calculated should be presented to the Bureau of Prisons (BOP) in a habeas petition as it is required only to assure itself that the combination of the term that the prisoner serves in custody and the supervised release term does not exceed the term of imprisonment imposed by the foreign court.

Under the plain language of the statute and this court's precedent, the Parole Commission, not the BOP, translates Lazo's foreign sentence into an equivalent domestic sentence. § 4106A(b); Cannon v. United States Dep't of Justice, 973 F.2d 1190, 1193-94 (5th Cir. 1992), denying reh'g to, 961 F.2d 82 (5th Cir. 1992).  Because the Parole Commission has not complied with its own regulations in translating Lazo's foreign sentence into an equivalent domestic sentence, Lazo's sentence must be VACATED and REMANDED for yet another redetermination.  We are mindful that Lazo may be entitled to an immediate release if his two sentences are not required to be served consecutively. Accordingly, IT IS ORDERED that the Commission redetermine Lazo's release date within 90 days of the date of this opinion.

VACATED AND REMANDED.