**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-60073**
**Summary Calendar**

**RAFAEL CONTRERAS,**

**Petitioner-Appellant,**

**versus**

**UNITED STATES PAROLE COMMISSION,**

**Respondent-Appellee.**

**Appeal from the Determination of the**
**United States Parole Commission**
**(86644-080)**

January 5, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner, Rafael Contreras, is a federal prisoner transferred to the United States under a prisoner exchange treaty[1] to serve a Mexican sentence of 11 years, 6 months, imposed for transporting 112 kilograms of marijuana. The United States Parole Commission ("the Commission") determined that the petitioner would serve 51 months of imprisonment followed by 36 months of supervised release. Under 18 U.S.C. § 4106A(b)(2), Contreras appeals the Commission's determination. We affirm.

Contreras's main argument is that the Commission denied him notice of and opportunity to comment on the bases for its

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399, T.I.A.S. No. 8718 [hereinafter "Treaty"].

sentencing guideline determination. The Commission's regulations state that, at a special transferee hearing, the Commission must provide the transferee with notice of the proposed guideline determinations and an opportunity to comment on them. See 28 C.F.R. § 2.62(h)(1)-(4). The hearing examiner then makes a guideline-based recommendation as to a release date. This recommendation is reviewed by one or more "executive" hearing examiners, who are not present at the hearing. See 28 C.F.R. § 2.62(h)(6). When two executive examiners concur, they form a "panel," which forwards a recommendation to the Commission for a final decision. See 28 C.F.R. § 2.62(h)(6); 28 C.F.R. § 2.23.

In Contreras's case, two executive hearing examiners decided not to follow the hearing examiner's recommendation as to guideline range. Instead, they drew different inferences from the facts at issue, and they raised Contreras's guideline range. Contreras argues that he was entitled to comment on this recalculation. In particular, he contends that the Commission's denial of an opportunity to comment on this recalculation violated both the Commission's governing regulations and federal due process. Because Contreras has challenged the Commission's construction of its regulations, we review his claim de novo. See Hansen v. United States Parole Commission, 904 F.2d 306, 309 (5th Cir. 1990).

Both of Contreras's arguments, that the Commission violated its regulations as well as due process, are without merit. The record reflects that the Commission fully complied with the

**2**

requirements of § 2.62, its governing regulation.  Petitioner received notice in his postsentence investigation report[2] ("PIR") that an acceptance of responsibility adjustment would be at issue during his transfer hearing.  In his written objections to the PIR, petitioner's counsel gave notice that a safety valve reduction should be at issue as well.[3]  Thus, petitioner had notice that both an acceptance of responsibility and a safety valve adjustment would be under consideration at the special transferee hearing.[4] Moreover, the record reflects that petitioner had both the "opportunity to comment upon the guideline estimate contained in the postsentence investigation report . . . and to present arguments and information relating to the Commission's final guideline determination and decision."  28 C.F.R. § 2.62(h)(4).

Once the hearing examiner submits his recommended guideline determination to the executive hearing examiners, there is nothing in the Commission's regulations that requires the executive hearing examiners to give a prisoner further opportunity to make his case.  See 28 C.F.R. § 2.23.  The Commmission may order a rehearing at its discretion[5], but no rehearing is required, provided that the Commission bases its decision on the same facts that were at issue during the transferee hearing.  See United States v. Knight, 76 F.3d 86, 88 (5th Cir. 1996) (finding, in the

---

[2]  See 28 C.F.R. § 2.62(c),"Postsentence report."

[3]  See 28 C.F.R. § 2.62(d),"Opportunity to object."

[4]  See 28 C.F.R. § 2.62(e), "Special Transferee Hearing."

[5]  28 C.F.R. § 2.62(i)(3).

3

context of a sentencing guidelines dispute, that if the defendant has actual knowledge of the facts on which the district court bases an enhancement or a denial of a reduction, the district court need not provide defendant with notice of its grounds for making the enhancement or reduction). Here, the executive hearing examiners based their recommendation on the same facts that were at issue during the transferee hearing. Contreras was aware of these facts and, indeed, was able to advocate inferences from these facts that were favorable to his case. The executive hearing examiners did not dispute these facts but rather drew different inferences from them, which dictated their different guideline recommendation.

Neither can Contreras argue that he was entitled to make his case to the executive hearing examiners because he did not fully press his case during his special transferee hearing. Contreras was on ample notice that the final guideline determination rested with the Commission, not with the hearing examiner, and that the transfer hearing would be his only opportunity to enter all his possible arguments into the record. The Commission's regulations themselves refer to the examiner's "recommended" findings of fact, 28 C.F.R. § 2.62(h)(6), and to the Commission's "final guideline determination and decision." 28 C.F.R. § 2.62(h)(4). Moreover, the hearing examiner, at the close of the hearing, reminded petitioner that his decision was not final. Finally, the Fifth Circuit has made it clear that the transferee hearing need not be conducted by a final decision maker. See Hansen v. United States Parole Commission, 904 F.2d 306, 311

**4**

(5th Cir. 1990)(permitting the special transferee hearing to be conducted by hearing examiners, with the final release determination to be made by the Commission.)

On the basis of the preceding review, this Court is unable to conclude that the Commission violated its regulations in this action.[6] Nor is there any basis for concluding that the Commission's regulations violate due process.[7] Contreras was afforded a sufficient opportunity to offer both legal and factual arguments on the issues relevant to his sentencing. Finally, because this Court finds that the Commission complied fully with its regulations, there is no need to consider Contreras's arguments for remand.

Accordingly, the decision of the United States Parole Commission is **AFFIRMED**.

---

[6] Unable to make an effective argument that the Commission violated 28 C.F.R. §§ 2.62, 2.23, Contreras argues that Federal Rule of Criminal Procedure 32 applies to transfer treaty determinations and that the Commission violated Rule 32's notice and hearing requirements. This argument is quickly disposed of by noting that there is no authority, either in the Commission's implementing statute, 18 U.S.C. § 4106A, or in its governing regulations, for applying Rule 32 to transfer treaty cases. Contrary to Contreras's assertion, Roeder v. United States Parole Commission, No. 93-4114, 5th Circuit, Sep. 10, 1993, does not decide the question whether Rule 32 applies to transfer treaty cases.

[7] Any suggestion by Contreras that the Commission violated due process by refusing to follow procedures mandated by its internal policy guidelines is adequately countered by James v. United States Parole Commission, 159 F.3d 1200 (9th Cir. 1998). There, on facts similar to the instant case, the court held that the Commission's internal policy manual did not create due process rights in others. James, 159 F.3d at 1205.