# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-60409
Summary Calendar

JESUS ORTIZ

Petitioner

V.

UNITED STATES PAROLE COMMISSION

Respondent

Appeal from a Decision of the
United States Parole Commission
(94227-180)

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Ortiz was convicted of kidnaping in Mexico. Pursuant to a treaty with the United States, he was transferred to a U.S. prison to serve his sentence. Under the law, he is required to serve a sentence calculated by the U.S. Parole Commission ("Commission") that is the same one he would have received for an equivalent U.S. crime if he had been sentenced in the United States. Following a hearing, Ortiz received a within-guidelines sentence of 150 months from the Commission, which he now appeals. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ortiz pleaded guilty in a Mexican court to kidnaping and received a sentence of over 15 years. After his appeals in the Mexican courts were exhausted, he sought transfer to a U.S. prison. The Commission was required to determine a release date for Ortiz based upon the sentence he would have received had he committed the same crime in the U.S. and been sentenced according to federal sentencing rules. 18 U.S.C. § 4106A(b)(1)(A) (2000).[1]

Ortiz appeared for a hearing before a hearing examiner. Pursuant to his sentencing report, his guidelines range was calculated at 140-175 months, a calculation he does not dispute. He received a within-guidelines sentence of 150 months, at the lower end of the range. He concedes that such a sentence is entitled to a presumption of reasonableness and is reviewed under an abuse of discretion standard in a similar manner to this court's review of a sentence by a federal district court. Id. at § 4106(b)(2)(B). See Gall v. United States, 128 S. Ct. 586, 597 (2007)(substantive reasonableness is reviewed under an abuse of discretion standard); Rita v. United States, 127 S. Ct. 2456, 2466-68 (2007)(a presumption of reasonableness applies to a properly-calculated within-guidelines sentence); Molano-Garza v. U.S. Parole Comm'n, 965 F.2d 20, 23 (5th Cir. 1992)(review of a Commission release date determination under a treaty is the same as review of a federal district court sentence). However, he contends that the sentence is substantively unreasonable, because it fails to take into account a number of factors including his history of abuse as a child and his torture and abuse at the hands of police and prison officials while in Mexico.

We have carefully reviewed the pertinent portions of the record, including the transcript of Ortiz's hearing and the examiner's findings. It is apparent from both the findings and the statements on the record that the examiner gave

---

[1] However, the "combined periods of imprisonment and supervised release that result from [the Commission's] determination shall not exceed the term of imprisonment imposed by the foreign court on that offender." Id. at § 4106A(b)(1)(C).

weight to the harsh treatment Ortiz received in recommending something lower than the top end of the range in spite of what the examiner termed the "very serious" crime of kidnaping accomplished with weapons and in the context of a drug deal gone bad.  The Commission also specifically found that the torture was the reason for sentencing at the "bottom of the guideline range."[2]  We find no abuse of discretion in the examiner's recommendation of 150 months and the Commission's decision  to adopt that recommendation.

Accordingly, the Commission's release determination is AFFIRMED.

---

[2] Petitioner contends that the Commission stated that it was basing his release date on a sentence at the "bottom" of the guidelines, meaning 140 months, whereas the Commission used 150 months.  In truth, the Commission circled "bottom" in the following sentence: "The reason(s) for the decision at the top/middle/bottom of the guideline range is/are as follows . . . ."  In a range of 35 months between 140 and 175, 150 is in the lowest third of the range and thus, the "bottom of the guideline range."