# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60735

ROLANDO ROMERO,

Petitioner

v.

UNITED STATES PAROLE COMMISSION,

Respondent

Petition for Review of an Order of the
United States Parole Commission
Register No. 69174-079

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rolando Romero, a United States citizen convicted in a Mexican court of transportation of marijuana, was transferred to the United States to serve his sentence. He petitions for review of the United States Parole Commission's determination of his release date. Romero argues that the Parole Commission's determination was substantively unreasonable because the release date is longer than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the physical abuse that he suffered while imprisoned in Mexico. We DENY the petition for the following reasons:

1. We review the Parole Commission's determination as if it had been a sentence imposed by the United States District Court. *Molano-Garza v. U.S. Parole Comm'n*, 965 F.2d 20, 23 (5th Cir. 1992); *see also* 18 U.S.C. § 4106A(b)(2)(B). The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the [Parole Commission]." *Id.*

2. The Parole Commission's determination was based on the low end of the calculated guidelines range. The hearing examiner considered the treatment of Romero in the Mexican prison but concluded that the low end of the guideline range was an appropriate sentence because of Romero's criminal history of a prior drug offense and failure to abide by previous terms of supervised release. The hearing examiner's statements and recommendation to the Parole Commission show that she exercised discretion under advisory guidelines in recommending the release date, while considering the § 3553(a) factors and the totality of the circumstances, including Romero's abuse in prison, the nature of Romero's offense, his criminal history, and his history of substance abuse and need for treatment. We therefore decline to disturb the Parole Commission's determination as unreasonable. *See Thorpe v. U.S. Parole Comm'n*, 902 F2d 291, 292 (5th Cir. 1990); *Calabria v. U.S. Parole Comm'n*, 227 F. App'x 336, 338 (5th Cir. 2007).

PETITION DENIED.