# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 09-60710

Lyle W. Cayce
Clerk

ABEL FERNANDEZ-HERNANDEZ,

Petitioner

v.

UNITED STATES PAROLE COMMISSION,

Respondent

Appeal from the Determination of the
United States Parole Commission
No. 18 USC 4106A

Before DEMOSS, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Abel Fernandez-Hernandez (Fernandez) appeals the United States Parole Commission's determination of his release date. 18 U.S.C. § 4106A directs the Parole Commission to "determine the release date for prisoners convicted under the laws of a foreign country and transferred to the United States pursuant to [the Prisoner Transfer T]reaty to serve [their] sentence for the foreign conviction." *Hansen v. U.S. Parole Comm'n*, 904 F.2d 306, 308 (5th Cir. 1990). Fernandez was convicted under Mexican law for kidnapping, aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60710

kidnapping, and escape from prison and property damage. He was sentenced to forty years and nine months' imprisonment. Several years after his convictions, Fernandez requested a transfer to serve his sentences in the United States. To determine his release date, the Parole Commission applied the United States Sentencing Guidelines (U.S.S.G.) as if Fernandez was convicted in a United States district court for the same offenses. *See id.* The Parole Commission calculated a guideline range of 151 to 188 months and set Fernandez's release date for November 13, 2019, after the service of 156 months of imprisonment. Fernandez timely appealed the release date determination.

## A.

Fernandez argues that the Parole Commission erred in applying a two-level adjustment to his offense level for abuse of trust. U.S.S.G. § 3B1.3 provides for a two-level increase to a defendant's offense level "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." The adjustment also applies in the situation where a defendant provided a sufficient indicia to the victim that he legitimately held a position of trust even if he did not, in fact, hold such a position. U.S.S.G. § 3B1.3 cmt. background.

For the first time on appeal, Fernandez avers that the Parole Commission erred in applying the adjustment because the kidnapers did not provide a sufficient indicia to the victims that they were police officers such that the indicia of authority helped facilitate the offense. Because Fernandez failed to raise this issue to the Parole Commission, we review for plain error. *Jacobs v. U.S. Parole Comm'n*, 29 F.3d 624, at *1 (5th Cir. 1994) (unpublished table decision); *see* 5TH CIR. R. 47.5.3. To establish plain error, Fernandez must first show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court may exercise its discretion to correct the error but

No. 09-60710

only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See id.* (citation omitted) (alternation in original).

As to the kidnapping, the record indicates that Fernandez and one of his accomplices approached the victims, informing the victims that they were judicial police. They demanded that the victims exit their vehicle and go with them. The victims complied. The record also indicates that as to the aggravated kidnapping, the victims were driving when Fernandez or one of his accomplices told the victims that they were judicial police and demanded that they pull over. The driver indicated that he did not want to comply but the other individuals in his vehicle persuaded him to obey, reasoning that they had done nothing wrong. The Parole Commission's finding that Fernandez abused a position of trust and that abuse of trust significantly facilitated the commission of the offense is not clearly erroneous. *See United States v. Fisher*, 7 F.3d 69, 70-71 (5th Cir. 1993). Fernandez has failed to establish plain error.

### B.

Fernandez also argues that the Parole Commission erred in determining his release date by failing to give him credit for the days he spent in custody in connection with the kidnapping offenses before the commencement of his sentences. Fernandez seeks credit for the time he spent in custody in the United States while awaiting extradition for the kidnapping offenses from December 17, 1999 to December 5, 2001. Fernandez failed to seek this relief before the Parole Commission. Accordingly, we review for plain error. *See Jacobs*, 29 F.3d 624, at *1.

18 U.S.C. § 4105(b) provides that a "transferred offender shall be given credit toward service of the sentence for any days, prior to the date of commencement of the sentence, spent in custody in connection with the offense or acts for which the sentence was imposed." Here, Fernandez was incarcerated in the United States while awaiting extradition for the kidnapping offenses from

No. 09-60710

December 17, 1999 to December 5, 2001 and did not receive credit toward the service of his sentences for this time he spent in custody. Arguably, there is error that is clear and obvious under current law.

Fernandez has, however, failed to establish that the error affected his substantial rights. To establish that an error affected his substantial rights, Fernandez must show a reasonable probability that, but for the error, he would have received an earlier release date. *See United States v. Davis*, 602 F.3d 643, 647 & n.6 (5th Cir. 2010). The Parole Commission indicated that it used the bottom of the guidelines range to determine Fernandez's sentence because he did not begin to receive credit for time served on the pertinent offenses until 2006, despite having been incarcerated prior to 2006. Using the upper end of the guideline range and giving Fernandez credit for the time he was incarcerated awaiting extradition, the Parole Commission could have determined the same release date for Fernandez. Fernandez has failed to demonstrate error that affected his substantial rights.

AFFIRMED.

4