**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30418

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE J. DANOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CR-248-A)
_____

December 21, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant George J. Danos appeals the application of the
Sentencing Guidelines to his conviction for conspiracy to
distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and
846.  Finding no reversible error, we affirm.

On two separate occasions, Danos met with undercover federal
agents who sought to negotiate the purchase of crack cocaine.  In
each instance, Danos phoned a cocaine distributor, and then led the

[*]      Local Rule 47.5.1 provides:  "The publication of opinions that have
no precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

agents to a location where a dealer sold the agents approximately one ounce of crack cocaine for $1000. After each purchase, the undercover agents paid Danos $150 for setting up the transaction.

Danos was charged in a three-count indictment with conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to a written plea agreement, Danos pleaded guilty to count one of the indictment, conspiracy to distribute cocaine base. The district court found Danos to have been a "minor participant" under § 3B1.2(b) of the Sentencing Guidelines, and gave Danos a two-level reduction in his offense level. The district court then sentenced Danos to 57 months imprisonment, five years supervised release, a $5000 fine, and a $50 special assessment. Danos appeals his sentence, arguing that the district court erred in giving him a two-level reduction in his offense level as a "minor participant," under § 3B1.2(b) of the Sentencing Guidelines, instead of a three or four-level reduction as a "minimal participant" under § 3B1.2(a).[1]

We will not disturb a defendant's sentence on appeal unless the district court incorrectly applied the Sentencing Guidelines,

_____

[1] Section 3B1.2 of the Guidelines provides for the following reductions in offense level:

> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. §3B1.2.

or the sentence falls outside the allowed Guidelines range and is unreasonable. *United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995). Whether a reduction is warranted under § 3B1.2 of the Sentencing Guidelines is a factual determination which we review under the clearly erroneous standard. *United States v. Tremelling*, 43 F.3d 148, 152 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1990, 131 L. Ed. 2d 876 (1995). The district court's finding will stand as long as it "is plausible in light of the record as a whole." *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995) (internal quotation marks omitted).

Danos argues that he deserved a three or four-level reduction in his offense level because he was "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. §3B1.2, comment. (n.1). However, we have previously held that the mere "fact that some participants may be more culpable . . . does not entitle" a defendant to a reduction under § 3B1.2. *Molano-Garza v. U.S. Parole Comm'n*, 965 F.2d 20, 24 (5th Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1009, 122 L. Ed. 2d 158 (1993). Reductions under 3B1.2(a) are intended to be given infrequently. U.S.S.G. §3B1.2, comment. (n.2). Under this provision, "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. §3B1.2, comment. (n.1).

Reviewed as a whole, the record indicates that Danos' participation rose above the "minimal" level described in 3B1.2(a).

Without Danos, the drug transaction could not have taken place))Danos contacted the supplier, brought the parties together, and profited from the transaction. Further, Danos engaged in this activity at least twice. *See* U.S.S.G. § 3B1.2, comment. (n.2) (putting emphasis on a defendant's one-time or "single" participation in an offense in determining whether a defendant was a "minimal participant"). We have previously held that it is not clearly erroneous to deny a defendant who brokers a drug transaction a § 3B1.2(b) two-level reduction for minor participation. *See Tremelling*, 43 F.3d at 152 ("A role as a go-between does not warrant a finding of minor participation."). In light of our holding in *Tremelling*, we cannot see how Danos participation in this case entitles him to a greater reduction in offense level (three or four-levels) under § 3B1.2. Accordingly, we hold that the district court's refusal to afford Danos a three or four-level reduction in offense level as a "minimal participant" was not clearly erroneous.

For the forgoing reasons, we AFFIRM.