United States Court of Appeals,

Fifth Circuit.

No. 94-40126

Summary Calendar.

Lionel NAVARRETE, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, Respondent.

Oct. 10, 1994.

Appeal from the Sentencing Determination of the United States Parole Commission Section 4106A.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Lionel Navarrete is an American citizen who was arrested, convicted, and sentenced in Mexico for murder. Pursuant to the Prisoner Transfer Treaty between the United States and Mexico,[1] he was transferred to the United States and incarcerated at the Federal Correctional Institution at La Tuna, Texas for completion of his sentence. Navarrete appeals the United States Parole Commission's determination of a release date from his Mexican sentence. For the reasons which follow, we dismiss the appeal.

*FACTS AND PROCEDURAL HISTORY*

United States citizen, Lionel Navarrete, his friend, Wayne Gurlock, III, were arrested in Mexico on August 21, 1991 and

_____

[1]Treaty on Executions of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399, T.I.A.S. No. 8718 [herein referred to as "the treaty"]. For a detailed discussion of this treaty and the attendant legislation, jurisprudence, regulations, and interpretative sources, *see Cannon v. U.S. Dept. of Justice, U.S. Parole Comm'n,* 973 F.2d 1190 (5th Cir.1992).

1

convicted for the murder of two people.  On May 4, 1992, the Mexican court sentenced Navarrete to twenty-one years imprisonment. Pursuant to the treaty, Navarrete was transferred to the United States on July 16, 1993 to complete the service of sentence.  He filed a motion for downward departure based upon his innocence of the crime for which he had been convicted in Mexico.  Following a treaty transfer hearing, the United States Parole Commission determined that the applicable guideline range was 168-210 months and that a downward departure was not warranted in this case.  The Commission set a release date of 180 months from the date of his arrest (August 20, 2006), after which Navarrete is to be placed on supervised release until the expiration of his twenty-one year Mexican sentence.

Navarrete appeals the decision of the Commission, asserting that it should have departed downward from the guidelines range due to evidence of his innocence that was presented at the treaty transfer hearing.  As discussed below, we find no violation of law in the Commission's refusal to grant Navarrete's motion for downward departure.

In his brief, Navarrete also asserts that the Commission should have adjusted his release date for the good conduct time credits to which he is entitled.  However, he subsequently filed a Motion to Correct Brief which states the following:

> Upon further consideration, appellant no longer desires to pursue this issue and respectfully moves this Court to delete such issue from consideration in this appeal.

We granted Navarrete's motion and, for this reason, we do not

consider whether the Commission should have included his good time credit as part of its release date calculation.

*STANDARD OF REVIEW*

When an offender is transferred to the United States to serve a sentence of imprisonment, the United States Parole Commission shall, without unnecessary delay, determine a release date and a period and conditions of supervised release, as though the offender were convicted in a United States district court of a similar offense. 18 U.S.C. § 4106A(b)(1)(A). The court of appeals shall decide and dispose of an appeal of the Commission's determination, in accordance with 18 U.S.C. § 3742, as though the determination appealed had been a sentence imposed by a United States district court. 18 U.S.C. § 4106A(b)(2)(B).

Accordingly, we review the Commission's determination *de novo. Molano-Garza v. U.S. Parole Commission,* 965 F.2d 20, 23 (5th Cir.1992). We will uphold the sentence unless it "was imposed in violation of law [or] imposed as a result of an incorrect application of the sentencing guidelines," or "is outside the applicable guideline range and is unreasonable or was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(e) and (f); *U.S. v. Buenrostro,* 868 F.2d 135, 136 (5th Cir.1989). We also accept the Commission's factual findings unless clearly erroneous and give due deference to the Commission's application of the guidelines to the facts. 18 U.S.C. §§ 3742(e) and 4106A(b)(2)(B).

*DISCUSSION*

3

Navarrete asserts that "the Commission inappropriately considered innocence only for modification within the guideline, instead of a departure from the applicable guideline," and that "[t]hough the Treaty makes no provision for the mitigating circumstance of innocence, the purpose of the Federal Sentencing Guidelines would be better served to acknowledge innocence, especially in cases where the facts have been corroborated." He argues that the Commission should have considered his codefendant's statement (that he was not involved in the murder) in its decision whether to depart from the applicable guideline range.[2] Navarrete also asserts that, because the Commission found evidence of torture in this case, a downward departure based on his innocence should have been the correct point of origin in computing his release date.

The Commission is required to determine a release date, and a period and conditions of supervised release, for Navarrete to serve a sentence of imprisonment as though he were convicted in a United States district court of a similar offense. 18 U.S.C. § 4106A(b)(1)(A). Navarrete's obligation to the Government has already been established by the sentence imposed by Mexico's court.

---

[2]The record reveals that the Commission agreed with the panel of parole examiners which had considered both the evidence presented at the hearing and the motion for departure but did not deem this a case for departure from the guidelines. The record also indicates that, absent the evidence presented by Navarrete, the parole examiners would have recommended a release date at the end of the twenty-one year term imposed in Mexico. Instead, the examiners decided to give Navarrete nine months' consideration from the middle of the guideline. The Commission accepted this recommendation and set a release date in accordance therewith.

*See Thorpe v. U.S. Parole Commission,* 902 F.2d 291, 292 (5th Cir.1990). Navarrete's argument misconstrues the Commission's function. The Commission is authorized to determine a release date and period of supervised release, not to sentence the transferred prisoner. *See and compare, Molano-Garza, supra,* 965 F.2d at 24-25 and *Thorpe, supra.* Because the Commission is only determining a release date and not sentencing the offender, we are not persuaded by Navarrete's argument that the Commission should have considered evidence of his innocence presented at the hearing.

Section 4106A(b)(2)(B) directs this court to dispose of this appeal in accordance with 18 U.S.C. § 3742 as though the determination appealed had been a sentence imposed by a United States district court. As already noted, we will uphold a sentence unless it (1) was imposed in violation of law, (2) was imposed as a result of incorrect application of the sentencing guidelines, (3) is a departure from the applicable guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(e), (f). The Commission determined that the applicable guideline range for this offense was 168-210 months and decided Navarrete should be released from imprisonment after serving 180 months. This release date is within the guideline range. The Commission did not depart from the applicable range. The Commission's denial of Navarrete's request for a downward

departure does not involve any application of the guidelines.[3]

Under similar circumstances, we stated the following in *Buenrostro, supra,* 868 F.2d at 139:

> It follows that we will uphold a district court's refusal to depart from the guidelines unless the refusal was in violation of law....  A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief.

Thus, we do not review a district court's refusal to depart from the guidelines unless the refusal was in violation of the law, *U.S. v. Burleson,* 22 F.3d 93 (5th Cir.1994), and likewise, we do not review the Commission's refusal to depart from the guideline range unless the refusal was in violation of the law.

Navarrete does not challenge the Commission's determination of either his offense level (33) or his criminal history category (III).  Instead, he challenges the Commission's decision not to depart from the applicable guideline range.  No law would compel a departure in this case, even were the facts as Navarrete contends. *See and compare, U.S. v. Thomas,* 870 F.2d 174, 176 (5th Cir.1989). We review this challenge only for violation of the law, and we find

---

[3]The only guideline cited by Navarrete is U.S.S.G. § 1B1.1(i), which is an application instruction to

> Refer to Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and to any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence.

Part H of Chapter Five sets forth policy statements regarding whether various factors are relevant in determining an appropriate sentence.  Part K sets forth policy statements regarding discretionary departures from the guidelines.  Neither part suggests that innocence is a factor which renders the decision about a downward departure mandatory rather than discretionary.

none.   Accordingly, we do not review the Commission's refusal to depart from the applicable range of sentence under the guidelines.

APPEAL DISMISSED.

7