**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIONEL NAVARETTE,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA;
JANET RENO, Attorney General;
PUBLIC DEFENDERS OFFICE, EL
PASO, TEXAS,

      Respondents-Appellees.

No. 00-1362

(D.C. No. 99-D-2430)
(D.Colo.)

**ORDER AND JUDGMENT**  *

Before **SEYMOUR** , **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lionel Navarette, a pro se federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2241 application for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Navarette was convicted of the murder of two people in Mexico in 1992 and was sentenced to twenty-one years in prison. Pursuant to the Prisoner Transfer Treaty between the United States and Mexico, 28 U.S.T. 7399, in 1993 he was transferred to the United States for completion of his sentence. See Navarette v. U.S. Parole Comm'n, 34 F.3d 316 (5th Cir. 1994). Navarette filed a motion for downward departure. Upon his transfer, the Parole Commission determined that the applicable guidelines range for Navarette's sentence was 168-210 months and that a downward departure was not warranted. His release date was set at 180 months from the date of his arrest (August 20, 2006), after which he would be placed on supervised release until expiration of his Mexico sentence. The Fifth Circuit upheld the Parole Commission's determination. Id.

In his § 2241 application, Navarette contended (1) his consent to transfer to the United States was invalid because he was not represented by counsel; (2) he was not represented by counsel on his appeal from the Parole Commission's determination; (3) he has not been represented by counsel in any of his federal court proceedings; and (4) his rights under the Vienna Convention on Consular

2

Relations were violated when he was arrested in Mexico. The district court found that the "transcript belies Mr. Navarette's claim that he was not represented by counsel at the consent verification hearing" and that he failed to demonstrate he received ineffective assistance of counsel in his consent to transfer. Record, Doc. 22 at 5. The court further found that Navarette should have raised his claims of lack of counsel in the other various proceedings and because the court was unable to provide relief regarding lack of counsel in those proceedings, the claims were dismissed. Id.

## II.

On appeal, Navarette contends "the district court erred in holding that relief is unavailable in the United States for a violation of the Vienna Convention on Consular Relations," and "the Attorney General abandoned petitioner and defended the Mexican conviction." Br. at 3.

We review de novo the district court's denial of § 2241 habeas relief. See Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000). When a treaty is in effect between the United States and a foreign country providing for transfer of convicted offenders, "the country in which the offender was convicted shall have exclusive jurisdiction and competence over proceedings seeking to challenge, modify, or set aside convictions or sentences handed down by a court of such country." 28 U.S.C. 3244(2); see Kass v. Reno, 83 F.3d 1186, 1189 (10th Cir.

3

1996).  "By its plain language, the Treaty bars United States courts from exercising jurisdiction over collateral attacks on Mexican convictions by offenders transferred from Mexico to the United States."     Id.  The district court did not err in finding it lacked jurisdiction over Navarette's challenge to the validity of his Mexican conviction.

Navarette's motion to proceed on appeal in forma pauperis is DENIED. The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4