IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-60564

Summary Calendar

VICTOR GERMAN ACEVEDO-CRUZ,

Petitioner,

versus

US PAROLE COMMISSION,

Respondent.

Appeal from the Determination of the
United States Parole Commission
(18 USC 4106A)

February 4, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Victor German Acevedo-Cruz appeals from the release date

determination of the U.S. Parole Commission following his transfer

to the United States from Mexico, pursuant to treaty,[1] to continue

serving his 10-year sentence for transportation of marijuana

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Treaty on the Execution of Penal Sentences, November 25, 1976, U.S.–Mex., 28 U.S.T. 7399.

imposed by a Mexican court.  We have jurisdiction under 18 U.S.C. § 4106A(b)(2)(B) to review decisions of the USPC.

The USPC is to determine a transferee's release date as if the individual had been convicted of a similar offense in a United States district court.[2]  We must treat Acevedo-Cruz's appeal "as though the determination had been a sentence imposed by a United States district court."[3]  We review the USPC's application of the guidelines *de novo* and its findings of fact for clear error.[4]  This Court may uphold a challenge to a sentence only if (1) it was imposed in violation of law, (2) imposed as a result of an incorrect application of the guidelines, (3) resulted from an upward departure, or (4) was unreasonably imposed for an offense not covered by the guidelines.[5]

The USPC analogized Acevedo-Cruz's offense of "transportation of marijuana" to possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  The only issues on appeal are whether or not Acevedo-Cruz should have received a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 and whether Acevedo-Cruz's

---

[2] 18 U.S.C. § 4106A(b)(1)(A).

[3] *Id.* § 4106A(b)(2)(B).

[4] *Navarrete v. U.S. Parole Com'n*, 34 F.3d 316, 318 (5th Cir. 1994).

[5] *United States v. Yanez-Huerta*, 207 F.3d 746, 748 (5th Cir. 2000).

2

due process rights were violated when USPC denied him the adjustment in alleged violation of an internal policy.

In front of the hearing examiner for the USPC Acevedo-Cruz made several statements indicating that he denied criminal responsibility for his Mexican offense, a departure from statements he had made to the probation officer. The hearing examiner nevertheless recommended a downward adjustment for acceptance of responsibility. A USPC staff attorney wrote to counsel for Acevedo-Cruz advising him that the USPC was, in light of Acevedo-Cruz's claims of innocence at the hearing, reviewing the recommendation of a downward adjustment. The letter invited Acevedo-Cruz to, at this late date, finally accept responsibility for his criminal conduct. However, Acevedo-Cruz, through counsel, continued to maintain that he "accepted" the Mexican conviction, which was required by the Treaty,[6] and did not alter his statements relating to his innocence. As a result, and unsurprisingly, Acevedo-Cruz did not receive any downward adjustment for acceptance of responsibility.

Acevedo-Cruz clearly was technically ineligible for a § 3E1.1 adjustment because he did not cooperate with the Mexican authorities and at all times maintained his innocence during the

---

[6] In order to be eligible for transfer, the transferee must not be challenging his conviction through appeal or collateral attack. *See* Treaty, 28 U.S.T. at 7403.

Mexican proceedings.[7] He argues, however, that an internal policy of the USPC entitled him to the downward adjustment.[8] That policy provides that—

> A defendant who has not cooperated with the foreign authorities by providing self-incriminating information will nonetheless qualify for a 2-level adjustment for acceptance of responsibility under § 3E1.1.(a) if the defendant, upon return to the United States, promptly accepts responsibility for his offense(s) of conviction (even if only because the law and treaty require it) and there are *no countervailing circumstance(s)* warranting denial of the adjustment.[9]

However, the policy also states that "countervailing circumstances" include a defendant challenging his foreign court conviction by claiming that he is not guilty,[10] which is precisely what Acevedo-Cruz did.[11] Therefore, even if we assume, *arguendo*, that the policy

---

[7] U.S.S.G. § 3E1.1 App. n.2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.").

[8] Even the USPC admits that its policy goes beyond the downward adjustments contemplated by § 3E1.1, but characterizes the policy as a discretionary downward departure that is based on § 3E1.1. However it is characterized, we conclude that Acevedo-Cruz is ineligible both under §3E1.1 as written and as implemented by the USPC.

[9] Appendix 9 — Transfer Treaty Cases, U.S. Parole Commission Supplementary Instructions, Section 4C (emphasis added).

[10] *Id*. Section 3C ("The following are examples of countervailing circumstances that may warrant denial of an adjustment for acceptance of responsibility: ... (3) the defendant persists in attacking the facts established by his foreign conviction at the time of the hearing before the Parole Commission ....."); *see also id*. Section 4B ("A defendant who challenges the findings of the foreign court pertaining to his offense of conviction (for example, by claiming that he is not guilty or that his participation in the offense was significantly less than is consistent with the facts accepted by the foreign court) cannot be said to have accepted responsibility for his offense *and will disqualify himself from any downward adjustment* under §3E1.1 ....." (emphasis added)).

[11] Acevedo-Cruz effectively denied any responsibility for the marijuana found in his truck by Mexican authorities.

4

had the force of law or that it created a protected liberty interest such that Acevedo-Cruz could make a due process claim, we would affirm his release date determination because the policy itself dictates that he is not entitled to a downward adjustment. Accordingly, we need not reach the merits of Acevedo-Cruz's due process claim.

Since Acevedo-Cruz's release date determination was not imposed in violation of law nor resulted from a misapplication of the guidelines, we AFFIRM.