United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 06-60010

———————————————

WILLIAM JOSEPH CALABRIA,

Petitioner,

versus

UNITED STATES PAROLE COMMISSION,

Respondent.

———————————————————————————

Petition for Review of an Order of the
United States Parole Commission
Register No. 58861-180

———————————————————————————

Before JONES, Chief Judge, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Joseph Calabria, a United States citizen convicted in a Mexican court of attempted murder and transferred to the United States to serve his sentence, petitions for review of his release date set by the United States Parole Commission ("Parole Commission"). Calabria argues that the Parole Commission's release date determination was unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. We disagree and affirm.

**I. FACTS AND PROCEEDINGS**

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Calabria was sentenced to 85 months of imprisonment by a Mexican court following a conviction for attempted murder. Pursuant to a prisoner transfer treaty between the United States and Mexico, he was transferred to a United States prison at which time the Parole Commission was required to determine a release date and period of supervised release. *See* 18 U.S.C. § 4106A(b)(1)(A). A Parole Commission examiner conducted a hearing and recommended that Calabria be released after the expiration of his 85 month sentence imposed in Mexico. A panel of the Parole Commission agreed and set Calabria's release date accordingly. The panel also concluded that, if the Bureau of Prisons releases Calabria early based upon earned good-time credits, Calabria would be subject to a period of supervised release for the remainder of the 85 months, one condition of which is Calabria's participation in a substance abuse treatment program.

## II. DISCUSSION

The Parole Commission must determine the release date for a foreign-sentenced prisoner who has been transferred to the United States pursuant to a prisoner transfer treaty. *Id.* In determining a release date, the Parole Commission does not re-sentence the transferred prisoner; instead, it converts the foreign sentence into a determination of a release date and a period of supervised release as though the prisoner had been convicted in a United States district court of a similar offense. *See Navarrete v. U.S. Parole Comm'n*, 34 F.3d 316, 319 (5th Cir. 1994). "The combined periods of imprisonment and supervised release that result from [the Parole Commission's] determination shall not exceed the term of imprisonment imposed by the foreign court on that offender." 18 U.S.C. § 4106A(b)(1)(C); *see also Hansen v. U.S. Parole Comm'n*, 904 F.2d 306, 310–11 (5th Cir. 1990).

This court reviews a release date determination made by the Parole Commission as though it "had been a sentence imposed by the United States district court." *Molano-Garza v. U.S. Parole*

*Comm'n*, 965 F.2d 20, 23 (5th Cir. 1992) (internal quotation omitted). After *Booker*, as before, the application of the sentencing guidelines is reviewed de novo and factual findings are reviewed for clear error. *See United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). This court reviews the ultimate sentencing determination for reasonableness. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Calabria maintains that his release date determination was ultimately unreasonable because the Parole Commission examiner did not properly consider the § 3553(a) factors. In particular, Calabria asserts that the examiner gave the guidelines range calculation determinative weight and did not give enough weight to the alleged physical and mental abuse suffered by Calabria while he was incarcerated in Mexico.

We disagree. Before recommending a release date that was exactly the length of the sentence imposed in Mexico, the Parole Commission examiner had properly calculated the guidelines range to be 120 to 150 months using the most similar U.S. Code offense. A review of the record reveals that the Parole Commission examiner thought that a downward departure for the abuse Calabria endured was perhaps warranted. It rejected such a departure, however, not because the guidelines range was determinative, but because the foreign sentence itself was more than a sufficient departure from the guidelines range calculation to take the abuse into account. The examiner's statements at the hearing reveal that she exercised her discretion under the advisory guidelines in recommending Calabria's release date.

The examiner's statements and recommendation to the Parole Commission also exhibit her consideration of the § 3553(a) sentencing factors, including the serious nature of Calabria's attempted murder offense, Calabria's treatment while incarcerated in Mexico, Calabria's history of substance

3

abuse, and Calabria's need for substance abuse treatment upon release. The examiner properly calculated the guidelines range, considered the guidelines advisory, and adequately considered the relevant § 3553(a) factors when formulating her recommendation. Considering the full record, the determination of Calabria's release date was reasonable. *See Thorpe v. U.S. Parole Comm'n*, 902 F.2d 291, 292 (5th Cir. 1990) (per curiam) (rejecting the petitioner's argument for a downward departure based upon his health and abuse suffered when the Parole Commission considered the § 3553(a) factors); *see also Odili v. U.S. Parole Comm'n*, 474 F.3d 1255, 1264–65 (11th Cir. 2007) (rejecting, post-*Booker*, a reasonableness challenge to a release date determination where the record revealed that the hearing examiner considered the § 3553(a) factors, albeit not by name).

For the foregoing reasons, the Parole Commission's determination is AFFIRMED.