# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-60072
Summary Calendar

JOHN PATRICK OTIS, JR

Petitioner

v.

UNITED STATES PAROLE COMMISSION

Respondent

Petition for Review of an Order of the
United States Parole Commission
(18 USC 4106A)

Before JOLLY, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Patrick Otis, Jr., a United States citizen, was convicted in Mexico of drug possession and was subsequently transferred to the United States to serve his sentence. He petitions for review, arguing that the United States Parole Commission's ("Parole Commission") determination of his release date and period of supervised release was unreasonable in the light of the sentencing factors enumerated in 18 U.S.C. § 3553(a). We disagree and DENY the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Otis was arrested in Mexico after Mexican authorities discovered crystal methamphetamine hidden in the bumper of Otis's car. Otis was convicted for his offense and sentenced to 60 months of imprisonment. Mexico transferred Otis to the United States to serve his sentence pursuant to a prisoner transfer treaty.[1] The Parole Commission was then obliged to determine a release date and a period of supervised release. 18 U.S.C. § 4106A(b)(1)(A). In a hearing before the parole examiner, Otis alleged that he was abused by Mexican authorities and that he should receive a reduced sentence as a result. The Parole Commission ultimately determined that Otis should be released after 60 months of imprisonment; release before the expiration of that period would be governed by supervisory conditions the Parole Commission imposed until the 60-month period elapsed. Otis now argues, on the strength of the abuse he allegedly suffered in Mexico, that the Parole Commission erred by not giving him a release date requiring less prison time than the sentence imposed in Mexico, in derogation of 18 U.S.C. § 3553(a).

II.

The Parole Commission must "determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A); Navarrete v. U.S. Parole Comm'n, 34 F.3d 316, 319 (5th Cir. 1994). And this court reviews that determination "in accordance with [18 U.S.C. § 3742] as though the determination appealed had been a sentence imposed by a United States district court." § 4106A(b)(2)(B). "Thus, we review the Parole Board's

---

[1] Treaty Between the United States of America and the United Mexican States on the Execution of Penal Sentences, U.S.-Mex., Nov. 25, 1976, 28 U.S.T. 7399.

construction of § 4106A and the Sentencing Guidelines de novo. When reviewing the Commission's factual findings, this court applies the clearly erroneous standard." Molano-Garza v. U.S. Parole Comm'n, 965 F.2d 20, 22 (5th Cir. 1992) (citation omitted). We review the Parole Commission's ultimate determination for its substantive reasonableness under an abuse of discretion standard. See Gall v. United States, 128 S.Ct. 586, 597 (2007).

Although the transferred prisoner is to be treated by the Parole Commission as if the prisoner's offense had been committed in the United States—and we are to treat the Parole Commission's determination of a release date as a sentence imposed by a district court—the foreign sentence remains relevant. Specifically, the periods of imprisonment and supervised relief imposed by the Parole Commission cannot together exceed the foreign sentence.[2] § 4106A(b)(1)(C). If a foreign sentence is less than the sentence that would otherwise be applied by the Sentencing Guidelines, we treat the foreign sentence as analogous to a statutory maximum under § 5G1.1 of the Sentencing Guidelines. Thorpe v. U.S. Parole Comm'n, 902 F.2d 291, 292 (5th Cir. 1990). Accordingly, the foreign sentence is treated as the guideline sentence. See id.

Here, a parole examiner conducted a hearing in which she calculated Otis's proper Guidelines range to be 78-97 months. The examiner acknowledged that Otis's claims of abuse were credible, but determined that departure below 60 months was not warranted, particularly because of the statutory requirement

---

[2] There is uncertainty within this circuit about the Parole Commission's power to impose periods of imprisonment and supervised release amounting to less than the foreign sentence. Compare Cannon v. U.S. Dep't of Justice, U.S. Parole Comm'n, 973 F.2d 1190, 1195-98 (5th Cir. 1992) ("[T]he Commission may not authorize a release date which results in the total period of incarceration, plus the period of supervised release, being less than or greater than the total foreign-court-imposed sentence.") and Welsh v. U.S. Parole Comm'n, 513 F.3d 169, 171 (5th Cir. 2008) (citing Cannon as authority in this circuit) with Paura v. U.S. Parole Comm'n, 18 F.3d 1188, 1189 (5th Cir. 1994) (declaring statements in Cannon requiring Parole Commission to match foreign sentence dicta). Our denial of the petition does not require us to decide this issue.

that Otis be treated as if he had committed the crime in the United States, the sentence for which was more severe than that he received in Mexico. The Parole Commission agreed with this assessment. Otis contends that, because his foreign sentence of 60 months is treated as the Guidelines sentence, any warranted departure must be made from the 60-month period. Thus, if Otis's testimony regarding the abuse he suffered is credited, the Commission erred in its determination of a period of imprisonment and supervised release functionally equivalent to 60 months. The only authority that Otis cites in his favor rejected the very same argument as without support in law. See id. at 292–93. And we have rejected this argument on other occasions. See, e.g., Lara v. U.S. Parole Comm'n, 990 F.2d 839, 841 n.4 (5th Cir. 1993); Calabria v. U.S. Parole Comm'n, 227 F. App'x 336, 338 (5th Cir. 2007); accord Tramel v. U.S. Parole Comm'n, 100 F.3d 129, 131–32 (11th Cir. 1996). Otis has not offered any compelling reason for us to depart from these authorities.

III.

Because the law of this circuit clearly countenances the Parole Commission's decision here, we DENY the petition.