**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2011

Lyle W. Cayce
Clerk

No. 10-60999
Summary Calendar

CARLOS MALDONADO,

Petitioner

v.

UNITED STATES PAROLE COMMISSION,

Respondent

Appeal from a Decision of the
United States Parole Commission
(No. 55408-280)

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carlos Maldonado was convicted in Mexico of qualified homicide. Pursuant to a treaty with the United States, he was transferred to a United States prison to serve his sentence. Maldonado appeals the United States Parole Commission's (Parole Commission) determination that he be released from prison after 188 months. He argues that his release date is unreasonable because it is greater than necessary to achieve the sentencing goals set forth by 18 U.S.C. § 3553(a). Specifically, he argues that, based upon the abuse he

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffered from Mexican police and prison guards and his history and characteristics, he should be released from prison sooner than in 188 months.

The Parole Commission must "determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A); *Navarrete v. U.S. Parole Comm'n*, 34 F.3d 316, 319 (5th Cir. 1994). We review that determination "in accordance with section 3742 of [Title 18] as though the determination appealed had been a sentence imposed by a United States district court." § 4106A(b)(2)(B). Thus, we review the Parole Commission's ultimate determination for its substantive reasonableness under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

After a post-transfer hearing, the hearing examiner determined Maldonado's recommended release date by calculating the United States Sentencing Guidelines range for the federal offense of second degree murder. A guidelines range of 188 to 235 months would have applied if Maldonado had been convicted of second degree murder. The hearing examiner recommended that Maldonado be released after 188 months in prison, a term at the bottom of the guidelines range. The Parole Commission adopted the hearing examiner's recommendation of a 188-month term.

The Parole Commission's release date determination was not an abuse of discretion. In making the recommendation of a 188-month term, the hearing examiner considered the abuse Maldonado suffered in Mexico, his young age when he committed the offense, his lack of any other criminal history, and his conduct since he had been in prison. The hearing examiner also noted, however, that the offense was "very serious." The hearing examiner ultimately determined that a term at the bottom of the sentencing guidelines range was appropriate because of the abuse, and the Parole Commission's release

determination specifically mentioned the abuse.  The Parole Commission's release determination is AFFIRMED.