In re Lawrence KASSOVER, Debtor.

Philip Kassover, Appellant,

v.

The Estate of Max Kassover, Morton Kassover, Harriet K. Baime, Paula Kassover Rose, Phyllis Anikstein Kassover, Kathi Ann Kassover, Paula Kassover Fielder, The Slobodien Family Partnership, LP, Beaumont Management Consulting, Inc., Sloan Harrington, The Garden City Company, Inc., Park Holding Co., Robert P. Nossen, Hollon W. Farr, Lawrence Brandes, Pat Cairo, Annie Cion, Michael F. Erdheim, Markell Cordeilia, Marine Midland Bank, N.A., New York State Department of Taxation and Finance, New York State Department Of Taxation and Finance, New York State Tax Commission, Commissioner of the State Insurance Fund, New York City Commissioner of Tax And Finance, New York City Environmental Control Board, R. Peyton Gibson, in her capacity as Chapter 11 Trustee for the Debtor, New York Property Holding Corp., Andrew M. Thaler, as Chapter 7 Trustee of Michael P. Erdheim, AVI Dishi, Building Associates, Inc., Cooper & Cooper, Appellees.

Lawrence KASSOVER, Debtor–Appellee.

Docket No. 01–5020.

United States Court of Appeals, Second Circuit.

Jan. 31, 2002.

Michael L. Cook, Schulte Roth & Zabel, N.Y., NY, for Appellant.

Edward Bloomberg, Phillips Lytle Hitchcock Blaine & Huber, N.Y., NY, for Appellee Gibson.

Present NEWMAN, KEARSE, Circuit Judges, and RAKOFF, District Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Appellant Phillip Kassover ("Phillip"), a tenant-in-common with debtor Lawrence Kassover ("Debtor") and others in certain real properties ("TIC Properties" or "TIC"), appeals from an order of the United States District Court for the Southern District of New York, Richard M. Berman, *Judge,* granting the motion of appellee R. Peyton Gibson, as trustee for the Debtor, to dismiss as moot Phillip's appeal from an order of the United States Bankruptcy Court for the Southern District of New York, Burton R. Lifland, *Judge,* approving the sale of TIC. The district court dismissed the appeal on the ground, *inter alia,* of equitable mootness. We affirm.

The bankruptcy court, in concluding that it should approve the trustee's proposed sale of TIC as an undivided property, found that "consummation of the ... sale is the only feasible means for funding a confirmable plan of reorganization," Bankruptcy Court Order dated December 22, 1999 at 4, and that "[a] partition in kind of the TIC Properties among the Debtor and the eight non-Debtor tenants-in-common is impracticable. The properties, and the improvements thereon, are not capable of being truncated into separate subdivisions without effectively destroying the improve-

ments and/or rendering title to the subdivisions unmarketable," *id.* at 5. Accordingly, the bankruptcy court approved the sale.

Following that approval, Phillip appealed to the district court and requested a stay of the sale. The district court, by order dated January 5, 2000, denied a stay. Phillip waited several weeks, until February 1, 2000, before appealing the denial of the stay to this Court or taking any other action to seek a stay from this Court. In the meantime, the sale was consummated on January 18, 2000. Phillip's February 1 appeal was thereafter withdrawn.

Given the findings of the bankruptcy court that partitioning would be incompatible with the proposed sale and that that sale was needed to fund a confirmable reorganization plan, findings that are not clearly erroneous, and given Phillip's failure to take any timely action to obtain a stay of the sale pending this Court's review of the bankruptcy court's approval of the transaction, the district court correctly concluded that Phillip's appeal to that court, seeking to undo the sale, should be dismissed on the ground of equitable mootness.

We have considered all of Phillip's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of    New York, sitting by designation.