*31
SUMMARY ORDER

This appeal arises from the decision of the United States District Court for the Southern District of New York (Pauley, /.) that the appeal of Phillip Kassover (“Phillip”) from a decision of the bankruptcy court (Lifland, J.) was equitably moot.
Phillip is a member of the Kassover family, which, since the 1920s has controlled the Garden City Company (“GCC”), a closely held real estate corporation based in Garden City, NY. The extended members of the Kassover family have spent most of the past decade in litigation with each other over a variety of governance and financial disputes concerning GCC. One of the Kassover family members, Lawrence Kassover (“Debtor”), his assets depleted by this litigation, sought to protect his holdings from creditors under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 et seq. These assets included an approximately 6% ownership interest in GCC.
As part of Debtor’s bankruptcy proceedings, the bankruptcy court ordered the sale of GCC in an order dated July 29, 2002 (the “Sale Order”). As part of the Sale Order, the bankruptcy court held that the 1976 shareholder agreement (the “Shareholder Agreement”) — which controlled the governance of GCC and the transfer of GCC stock — was invalid ab initio under New York law. Phillip, who indirectly and directly controlled approximately 22% of GCC, now challenges the Sale Order insofar as it ruled the Shareholder Agreement was invalid ab initio.
As a threshold matter, Phillip contests the district court’s ruling that his appeal of the bankruptcy court’s order was equitably moot by reason of his failure to seek a stay of the Sale Order and because the relief he seeks would unravel the GCC sale.
In Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.), 10 F.3d 944 (2d Cir.1993), this Court held that district courts should consider five factors in determining whether an appeal of a bankruptcy transaction is equitably moot. All of these five factors must apply — otherwise the appeal of the transaction is equitably moot:
(a) the court can still order some effective relief;
(b) such relief will not affect “the reemergence of the debtor as a revitalized corporate entity”;
(c) such relief will not unravel intricate transactions so as to “knock the props out from under the authorization for every transaction that has taken place” and “create an unmanageable, uncontrollable situation for the Bankruptcy Court”;
(d) the “parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings”; and
(e) the appellant “pursued with diligence all available remedies to obtain a stay of execution of the objectionable order ... if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.”
Id. at 953 (citations omitted). The district court specifically ruled that Phillip was, inter alia, unable to satisfy the last of these five factors since Phillip declined to seek a stay of the Sale Order from District Court Judge Scheindlin.
At oral argument, counsel for Phillip conceded that this decision was a misstep, but attempted to excuse the failure to seek a stay of the Sale Order by citing Judge Scheindlin’s warning of possible sanctions against Phillip or his counsel if he continued to pursue his stay request.
*32 This excuse is insufficient to establish diligence. Phillip may have had reason for defeatism in the district court but when a litigant has pursued a claim — even an ultimately unsuccessful one — that he reasonably believed was meritorious, this Court does not hesitate to reverse a district court’s decision to impose sanctions. See, e.g., Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 82 (2d Cir.1992). The doctrine of equitable mootness obligated Phillip to pursue his legal claim or forfeit it. He chose to forfeit it.
We have examined Phillip’s remaining claims and find them to be without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.