*340
SUMMARY ORDER

Plaintiff-Appellant Philip Kassover (“Kassover”) appeals from an order of the United States District Court for the Southern District of New York (Preska, J.), affirming an order of the bankruptcy court (Lifland, B.J.), denying Kassover’s cross-motion to compel arbitration for damages allegedly arising from the Trustee-Appellee's rejection of a 1976 shareholder agreement (“Shareholder Agreement”) in connection with the Chapter 11 reorganization plan of Lawrence Kassover (the “debtor”). This is the fourth appeal to us in this matter.[1] The parties’ familiarity with the facts and procedural history of the case is presumed.
The Trustee claims that the instant appeal is foreclosed by the doctrines of collateral estoppel and/or res judicata in light of our previous decision in Kassover III. At issue in Kassover II was whether the bankruptcy court erred in approving the sale and merger (“Sale Order”) of Garden City Company, Inc., a closely held corporation in which Kassover, the Debtor, and others held stock. See Kassover v. Gibson, No. 02 Civ. 7978 (S.D.N.Y. Dec. 23, 2002) (Brief of Appellant Philip J. Kassover at 11-23) (dkt. entry 13). Kassover alleged that the bankruptcy court exceeded its jurisdiction in approving the sale, and otherwise erred in deeming the Shareholder Agreement and its arbitration clause void ab initio under New York law. Id. The district court rejected Kassover’s challenge to the Sale Order on equitable mootness grounds. See Kassover v. Gibson, No. 02 Civ. 7978(WHP), 2003 WL 21222341, at *2-3 (S.D.N.Y. May 23, 2003).
On appeal to this Court from the Kassover III ruling, Kassover challenged the district court’s equitable mootness finding, and continued to claim that the bankruptcy court erred in ruling the Shareholder Agreement invalid ab initio. See Kassover III, 98 Fed.Appx. at 31. We affirmed the district court’s equitable mootness finding. While we did not expressly address the issue whether the bankruptcy court properly deemed the Shareholder Agreement invalid, we stated, “[W]e have examined [Kassover’s] remaining claims and find them to be without merit.” Id. at 32. Kassover now claims, inter alia, that this statement did not refer to his challenge to the bankruptcy court’s finding that the Shareholder Agreement was invalid, and therefore should not preclude the same challenge in the instant appeal. We disagree.
Kassover’s brief on his appeal in Kassover III included a subheading entitled “The Bankruptcy Court Misapplied New York Law When It Invalidated the Shareholder Agreement Ab Initio and Especially When It Discarded the Arbitration Agreement.” Kassover III, No. 03-5041-bk (Brief for Appellant, at 34). His brief expressly argued this point. It was undoubtedly one of his “remaining claims.” We found the “remaining claims” to be without merit. We conclude that the Kassover III decision rejected on the merits Kassover’s claim of right to arbitration. Therefore, it is precluded by res judicata. See Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288-89 (2d Cir.2002) (holding that under res judicata, “a final judgment on the merits of an action precludes the parties or them privies from relitigating claims that were or could have been raised in that action”) (citation and internal quotation marks omitted).
*341 For the foregoing reasons, we AFFIRM the judgment of the district court.

. In re Kassover, 28 Fed.Appx. 100 (2d Cir.2002) (Kassover I); In re Kassover, 343 F.3d 91 (2d Cir.2003) (Kassover II); In re Kassover, 98 Fed.Appx. 30 (2d Cir.2004) (Kassover III).